**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM T. FIGURED and BARBARA FIGURED, his wife, | CIVIL ACTION NO. 3:16- CV-467 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| ALAN J. DAVIES and COMPASS GROUP USA, INC., | |
| Defendants. | |

## **MEMORANDUM**

Presently before me is Plaintiffs William T. Figured and Barbara Figured's ("Plaintiffs") Motion to Remand Pursuant to 28 U.S.C. § 1447 ( c). (Doc. 5)  Because the plain and unambiguous language of 28 U.S.C. § 1441(c) does not preclude removal by Defendant Compass Group USA, Inc., I will deny the motion to remand.

### **I. Background**

As alleged in the complaint, on June 18, 2014, at approximately 4:49 pm, Plaintiff William T. Figured ("Mr. Figured") was driving his 2010 Chevy Cobalt west on Woodland Road, in Paradise Township, Monroe County, Pennsylvania. (Doc. 1, Exhibit A, ¶ 4.)  At the same time and on the same roadway, but heading eastward, Defendant Alan J. Davies ("Mr. Davies") was driving a 2013 Ford Fusion owned by Defendant Compass Group USA, Inc. ("Compass"). (*Id*. at ¶ 5.) At the valet entrance to the Mount Airy Hotel, Mr. Davies attempted to turn left and drove his vehicle directly into the path of Mr. Figured, causing violent contact between the left front side of Mr. Figured's vehicle and the front of Mr. Davies vehicle. (*Id*. at ¶ 6.) As a result, Mr. Figured sustained, or exacerbated, numerous serious bodily injuries, with some being potentially permanent. (*Id*. at ¶ 8.) Barbara Figured ("Mrs. Figured"), as wife to Mr. Figured, has been, and will be, deprived of the services, assistance, consortium and companionship of her husband as a result of Mr. Figured's

injuries. (*Id*. at ¶ 15.)

On March 2, 2016, Plaintiffs filed a four (4) count complaint in the Court of Common Pleas of Monroe County, Pennsylvania, requesting relief under Pennsylvania state law. (*Id.*) Compass was served with the complaint on March 7, 2016. (Doc. 1, ¶ 5.) On March 17, 2016, Compass filed a notice of removal. (Doc. 1)  Compass alleges that at the time the notice of removal was filed, Mr. Davies had not been served. (*Id.* at  ¶7.)[1] Compass contends that removal is proper because federal subject matter jurisdiction exists over this action pursuant to 28 U.S.C. §§ 1332 and 1441 *et. seq.* (Doc. 1) In support, Compass alleges, at the time removal was sought, complete diversity of citizenship existed between Plaintiffs and Compass because Plaintiffs were resident citizens of New Jersey and Compass, a Delaware Corporation, with its principal place of business in North Carolina, was the only defendant "properly joined and served".  (*Id. at* ¶¶ 18, 20-21; 22.)  Compass also contends that the amount Plaintiffs seek in damages far exceeds the $ 75,000.00 amount in controversy requirement. (*Id*. at  ¶ 17) Compass alleges the citizenship of Mr. Davies must be ignored for purposes of diversity jurisdiction under § 1441(b) because, despite Mr. Davies's alleged Pennsylvania citizenship, removal is not precluded because he had "not been served with the Complaint or with service of process" at the time the notice of removal was filed. (*Id.* at ¶¶ 24- 25.)

On March 25, 2016, Plaintiffs filed the instant motion seeking to remand the action to the Court of Common Pleas of Monroe County, Pennsylvania. (Doc. 5) Compass and Mr. Davies filed a brief in opposition on April 8, 2016 (Doc. 7), and Plaintiffs filed a reply brief in further support of their motion on April 12, 2016 (Doc. 8). Thus, the motion to remand is fully briefed and ripe for disposition.

---

[1] Plaintiffs aver "the Sheriff of Lebanon County, Pennsylvania, served. . . [Mr. Davies]" on March 21, 2016. (Doc. 6, 2 ¶ 4.)

## II. Discussion

**A.     Legal Standard**

A defendant may seek removal of an action pursuant to 28 U.S.C. § 1441. However, the forum defendant rule provides:

> **(b) Removal based on diversity of citizenship.--**
> . . .
> (2) A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a)[2] of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C.A. § 1441. "The purpose of federal diversity jurisdiction is to avoid possible prejudice to an out-of-state defendant," *Bank of New York Mellon v. Lee*, 2016 WL 526233, at *2 (D.N.J. Feb. 9, 2016) (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 189 (3d Cir. 2008)), but "[t]he forum defendant rule 'recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not eliminated.'" *Lee*, 2016 WL 526233, at *2 (citing *Hokanson v. Kerr Corp.*, 2014 WL 936804, at *2 (D.N.J. Mar. 10, 2014)).

Following removal, remand may be sought and an action must be remanded if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). On a motion to remand, the removing party bears the burden of establishing the propriety of removal. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S. Ct. 959, 112 L. Ed. 2d 1046 (1991). "[R]emoval statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Id*. "[T]he propriety of removal" is evaluated "based on the state of the case at the time of filing of the

---

[2] **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
(1) citizens of different States;
. . .
28 U.S.C.A. § 1332.

notice of removal." *Snider v. Sterling Airways, Inc.*, 2013 WL 159813, at *2 (E.D. Pa. Jan. 15, 2013) (citing *Albright v. R.J. Reynolds Tobacco Co.,* 531 F.2d 132, 135 (3d Cir.), *cert. denied,* 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976)).

**B. Analysis**

Plaintiffs argue that remand is necessitated in this case by the forum defendant rule, 28 U.S.C. § 1441(b)(2), as Mr. Davies is a citizen of the Commonwealth of Pennsylvania, the state in which the state court action was filed. (Doc. 5, ¶ 6.) Based on this rule, Plaintiffs argue there is no basis for federal jurisdiction. (Doc. 6, 4.) Plaintiffs additionally contend that "Congress intended (section) [sic] 1441(b) to restrict, not expand, federal jurisdiction," and by allowing Compass to remove the case, Congressional intent will be ignored. (*Id.* at 6.) Plaintiffs also seek to recoup costs, expenses and attorney fees incurred in preparation and filing of the motion to remand pursuant to 28 U.S.C. § 1447(c)[3]. (*Id.* at 11.) Defendants oppose remand and argue that Section 1441(b)(2) clearly provides that removal is not precluded because, at the time removal was sought, Mr. Davies had not been "properly joined and served." (Doc. 7)

Both Plaintiffs and Defendants cite cases favorable to their respective positions and such is not surprising as the Third Circuit has not addressed the issue and courts within the Third Circuit differ. Some courts allow "removal prior to service upon a forum defendant based on the plain language of the statute"; while others order remand finding that "a literal interpretation of the 'properly joined and served' language. . .would be inconsistent with

---

[3] (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C.A. § 1447.

congressional intent." *In Re Plavix Prod. Liab. & Mktg. Litig.*, 2014 WL 4954654, at *3 (D.N.J. Oct. 1, 2014) (collecting cases). Courts ordering remand have primarily reasoned that "even if the plain language of § 1441(b)(2) permits removal by a non-forum defendant before any forum defendant is 'properly joined and served,' [courts] may look beyond the plain meaning of the statute because permitting removal by a non-forum defendant would produce an absurd result." *Stunteback v. Janssen Research & Dev., LLC*, 2014 WL 2572784, at *3 (E.D. Pa. June 6, 2014).

Without controlling authority to guide my evaluation, I will turn to the statute itself. The relevant language in this case is "a civil action otherwise removable . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b)(2) (emphasis added). Under the rules of statutory construction, "[w]here the text of a statute is unambiguous, the statute should be enforced as written and only the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language." *McMaster v. E. Armored Servs., Inc.*, 780 F.3d 167, 170 (3d Cir. 2015)(quoting *Murphy v. Millennium Radio Grp. LLC,* 650 F.3d 295, 302 (3d Cir.2011)). Notably, there is no recorded legislative history that corresponds to the amendment of Section 1441(b). *In Re Plavix Prod. Liab. & Mktg. Litig.*, 2014 WL 4954654, at *11 n. 9; *see also Sullivan v. Novartis Pharma. Corp.,* 575 F. Supp. 2d 640, 644 (D.N.J. 2008)("The court has been able to locate neither a specific statement from Congress nor from the advisory Committee on Revision of the Judicial Code (the "Committee"), regarding the addition of the "properly joined and served" language.") Therefore, it cannot be said that the legislative history demonstrates a contrary intention allowing for departure from the plain language.

While remaining mindful that removal statutes are to be strictly construed, the unambiguous language of the statute cannot be ignored. *See Delalla v. Hanover Ins.*, 660 F.3d 180, 189 (3d Cir. 2011) (when considering application of 28 U.S.C.§ 1446(b),

determined that "the general rule that removal statutes are to be construed strictly is not sufficient to displace the plain meaning of" the statute.) The language of the statute is clear that only when a forum defendant is "properly joined and served" is removal precluded. In the current case, there was no forum defendant "properly joined and served" at the time of removal, permitting Compass to seek removal. There is no discernable legislative history speaking to differing congressional intent to justify a departure from the plain language. I agree with Judge Bartle's statement in *Valido-Shade v. WYETH, LLC*, 875 F. Supp. 2d 474, 478 (E.D. Pa. 2012), aff'd (Apr. 29, 2015). The statutory language is clear and "[i]f this result is deemed to be bad public policy, the remedy lies with Congress which, subject to constitutional limitations, controls the scope of this court's subject matter jurisdiction and any right of removal." *Id.*[4] Therefore, Plaintiffs' motion to remand will be denied.

Additionally, because I will not remand the case, I will not consider Plaintiffs' request for costs, expenses and attorney fees pursuant to 28 U.S.C. § 1447( c).

### III. Conclusion

For the above stated reasons, Plaintiffs' motion to remand will be denied.

An appropriate order follows.

 June 2, 2016                                                     /s/ A. Richard Caputo
Date                                                                   A. Richard Caputo
                                                                           United States District Judge

---

[4] As pointed out by Defendants (Doc. 1, 9 n.3.), it is noteworthy that Congress made a number of changes to Title 28 in 2011, but failed to amend or change Section 1441(b)(2). *See* FEDERAL COURTS JURISDICTION AND VENUE CLARIFICATION ACT OF 2011, PL 112-63, December 7, 2011, 125 Stat 758.